**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Darshan Mehta** | |
| *Plaintiff* | |
| v. | Case No. 17-cv-1090-RMC |
| **Lynda Maddox** | |
| *Defendant* | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR TO STAY PENDING FINAL
RESOLUTION OF DIVORCE PROCEEDING**

Defendant, Lynda Maddox, by counsel, submits this Memorandum of Points and
Authorities in support of her Motion to Dismiss.

**I.       INTRODUCTION**

As an ancillary action to a divorce proceeding currently pending in the District of Columbia
Superior Court, Plaintiff Darshan Mehta ("Mr. Mehta") has filed this action asserting various
claims under federal and District of Columbia law against his wife, Defendant Lynda Maddox
("Lynda  Maddox" or "Ms. Maddox") for allegedly accessing various family accounts such as
cable television, cell phone, and other accounts related to the parties' former family home and/or
joint services enjoyed by the parties (such as cell phone service) during the course of their long
marriage.[1]   At present, Ms. Maddox continues to live in the marital home in the District of
Columbia.  Mr. Mehta alleges that he now lives in Virginia.

---

[1] / This Court can take judicial notice of the pending divorce action filed by the Plaintiff against Defendant in the
District of Columbia Superior Court:  *Lynda Maddox v. Darshan Mehta,* 2017 DRB 648, District of Columbia
Superior Court, Domestic Relations Branch.  The divorce action was filed prior to this action.

At its essence, Mr. Mehta asserts in the Complaint that Ms. Maddox had no right to access these accounts after he left the family home simply because the accounts were in his name.   These assertions are frivolous and do not give rise to a cognizable action under either the laws of the United States or the District of Columbia.   Moreover, Mr. Mehta ignores the fact that all such accounts were at least arguably marital property at the time of any alleged access (and remain such) since the parties were legally married at the time that Plaintiff allegedly accessed them. Therefore, under D.C. Code § 16-910, those marital assets are properly within the jurisdiction of the pending divorce proceeding in the District of Columbia Superior Court and subject to final accounting, assignment and equitable distribution.   *See*, D.C. Code § 16-910 (b)("the court shall value and distribute all other property or debt accumulated during the marriage. . . regardless of whether title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, in a manner that is equitable, just, and reasonable, after considering all relevant factors. . ."). *See also, Gassaway v. Gassaway*, 489 A.2d 1073 (D.C. 1985)(District of Columbia Superior Court has broad discretion in distributing marital and non-marital property). Plaintiff also alleges that Defendant unlawfully accessed Plaintiff's email account at George Washington University in the District of Columbia where both parties were professors (and where Defendant continues to be a professor).

Defendant moves to dismiss or stay the Complaint for a number of reasons.  First, there are simply insufficient facts alleged to support subject matter jurisdiction in this Court due to the fact that the allegations "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous."   Moreover, even if this Court had subject matter jurisdiction, Plaintiff fails to meet the heightened pleading standards of F.R.C.P. 9 (b)(requiring that allegations of fraud or similar claims be pled with particularity).  Nor does Plaintiff state a

claim upon which relief can be granted on his federal claims in violation of F.R.C.P. 12 (b)(6).  As such, his ancillary state law claims should also be dismissed.  Finally, because the final accounting and distribution of both marital and non-marital property under D.C. Code § 16-910 will likely significantly impact, and perhaps resolve, many if not all of the issues raised in the Complaint, this Court should at a minimum stay this action under its inherent authority to control its docket until the District of Columbia Superior Court action proceeds to final judgment, including a final accounting and distribution of marital and non-marital assets under D.C. Code § 16-910.

## II.    ARGUMENT

### A.  Pursuant to Federal Rule of Civil Procedure 12(h)(3) and 12(b)(1), this Court lacks subject matter jurisdiction over the complaint because the federal claims asserted are ancillary to the pending divorce action and are attenuated and not substantial

#### 1. Standard of review under Rule 12(h)(3) and 12 (b)(1).

A federal court has the authority to determine whether it has jurisdiction to hear a case. *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers of Am.*, 330 U.S. 258, 291 (1947)).  However, "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) (jurisdiction lacking).  In general, a court "may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)(declining to address jurisdiction and holding that district court had authority to dismiss action on *forum non conveniens* grounds before considering the merits).  *See also*, *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008), *aff'd* 130 S. Ct. 2869

(2010)(quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir.2008)) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'").

Although courts must generally decide a jurisdictional issue before deciding the merits of a case, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). So, while a court cannot consider the merits of a case before deciding a jurisdictional issue, a court can decide a case on non-merits grounds before deciding whether jurisdiction exists. *Id.* The Supreme Court has recognized two "threshold grounds" on which a court can resolve a case without addressing subject matter jurisdiction: (1) personal jurisdiction and (2) *forum non conveniens*. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (applying exception to *forum non conveniens*).

The D.C. Circuit has provided a test to determine when a court can decide an issue before adjudicating jurisdiction: a court can decide an issue before jurisdiction if the issue does not involve "an exercise of a court's law-declaring power . . . ." *See Kramer v. Gates*, 481 F.3d 788 (D.C. Cir. 2007). A court exercises its law-declaring power when a ruling has an effect on "primary conduct." *See id.* "If the [district] court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted) (jurisdiction upheld); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (jurisdiction upheld).  On appeal—even for the first time at the Supreme Court—a party may attack jurisdiction after the entry of judgment in the district court. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### 2.        This Court lacks subject matter jurisdiction

In this case, Plaintiff has asserted federal question jurisdiction under 28 U.S.C. § 1331.  The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and especially suited to the vindication of, federally created rights." 15 *Moore's Federal Practice* ¶ 103.03. Despite this purpose, state courts are generally competent to adjudicate federal law. 15 *Moore's Federal Practice* ¶ 103.04; *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990) (noting a "deeply rooted presumption in favor of concurrent state court jurisdiction").

### 3. Three Limitations on a Court's Exercise of Federal Question Jurisdiction

The Supreme Court has construed § 1331 narrowly, and has interpreted § 1331 to include three requirements before a court will exercise jurisdiction: (1) the well-pleaded complaint requirement; (2) the substantiality requirement; and (3) the centrality requirement. 13D Wright & Miller § 3562, p. 174.

In this case, Plaintiff fails both the "substantiality" test and the "centrality" test, either of which supports dismissal of this action. *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137–39 (2d Cir. 2002) (affirming dismissal of plaintiff's complaint because it failed to raise a substantial issue of federal law); *Oak Park Trust and Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (holding that jurisdiction did not exist under § 1331 because the a claim "[wa]s *so* feeble, so transparent an attempt to move a state-law dispute to federal court . . . that it d[id] not arise under federal law at all"). *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 952 (9th Cir. 2004) (holding that district court "correctly dismissed th[e] case for lack of subject matter jurisdiction because [the] complaint did not present a substantial question of federal law"). This action is clearly an attempt to gain leverage in the pending District of Columbia Superior Court divorce proceeding. It simply has no legitimate basis to be in federal court and should be dismissed for lack of subject matter jurisdiction. Moreover, under 28 U.S.C. 1367, this court should decline to exercise supplemental jurisdiction over Plaintiff's asserted state law claims since it does not have subject matter jurisdiction over Plaintiff's federal claims.

### B. Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b), the Court should dismiss this action for failure to state a claim

It is appropriate for a Court to grant a motion to dismiss pursuant to Rule 12(b)(6) where it appears beyond doubt that plaintiffs would be unable to prove facts in support of their claim that would entitle them to relief. *Gant v. Wallingford Bd. Of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). The plaintiff's failure to sufficiently plead the elements of a cause of action is grounds for dismissal. *Id.*

### 1.      Plaintiff fails to state a claim under F.R.C.P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555.

Moreover, where the cause of action lies in Fraud, or a similar intentional tort, the heightened pleading requirements of F.R.C.P. 9 (b) apply. *United States ex rel Owens v. First Kuwaiti Gen. Trading & Constr Co.*, 2010 U.S. App. Lexis14610, at * 16 (4ᵗʰ Cir. 2010)(a Complaint for Fraud must, "at a minimum, describe the time, place and contents of the false representation and what he obtained thereby."). *See also, Stavros v. Exelon Corp.*, 266 F. Supp. 2d 833, 841 (N.D. Ill. 2003) (citing *DiLeo v. Ernst &Young*, 901 F.2d 624, 627 (7th Cir. 1990)(Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). This rule requires that the "who, what, when, where and how of the alleged fraud" be plead in detail to survive a motion to dismiss).

### 2.    Plaintiff fails to comply with F.R.C.P. 9 (b)

Federal law requires that allegations of fraud and similar claims be alleged with specificity as to the "who, what, when, and where" of the alleged fraud. *See,  United States, ex rel Owens v. First Kuwait Gen. Trading & Constr. Co*. 2010 U.S. App. Lexis 14610 at *16 (4ᵗʰ Cir. July 16, 2010)("[complaint for fraud or its equivalent must] at a minimum, describe the time, place and contents of the false representation, as well as the identity of the person making

the misrepresentation and what he obtained thereby").   Moreover, Plaintiff fails to provide facts

which would permit an inference that is "cogent and compelling" that his wife, Defendant,

violated federal law by accessing various accounts that are at least arguable marital assets.

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 324, 127 S. Ct. 2499, 2510 (2007). Or

acted with the required scienter. *Id.*

      In this case, Plaintiff fails to make specific allegations of wrongdoing on either the

federal or state law claims that comply with 9(b). Instead, he makes numerous allegations "upon

information and belief".   For instance, Plaintiff alleges only that he received notice that his

AT&T account had been breached and "Upon information and belief, Defendant was

responsible".   Complaint at ¶ 23. See also, Complaint at ¶ 30 ("Upon information and belief,

Defendant was responsible for initiating and ultimately changing the security questions

associated with Plaintiff's AT&T account.")   These assertions and similar assertions throughout

the Complaint are not adequate to state a claim.

      Other allegations in the Complaint are an odd mixture of innuendo and unsupported

suggestions of wrongdoing devoid of actual facts.   In short, Plaintiff's failure to comply with

F.R.C.P. 9 (b) provides another basis to dismiss the Complaint. Plaintiff has done little more than

plead "labels and conclusions," and provide a "formulaic recitation of the elements of a cause of

action" which is insufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 545 (2007). Where a plaintiff fails to plead sufficient factual content to permit the

court to draw the inference that the defendant is liable for the misconduct alleged, the complaint

should be dismissed, even in the absence of heightened pleading requirements. *Id*. at 556.

      For instance, in Count IV, Plaintiff asserts a claim for fraud.   The elements of fraud are:

(1) the false representation or willful omission of a material fact; (2) knowledge of the falsity; (3)

an intention to induce reliance; (4) action taken in reliance on the representation; and (5) damages suffered as a result of such reliance. *Schiff v. AARP*, 697 A.2d 1193, 1198 (D.C. 1997). Fraud requires reliance. *See, e.g., Alicke v. MCI Communs. Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997); *Karp v. Roach*, No. 89-1276, 1990 U.S. Dist. LEXIS 17618, at *18 (D.D.C. Dec. 24, 1990) (motion to dismiss fraud claim granted as plaintiff failed to establish any detrimental reliance). A conclusory assertion of reliance is not enough. *Ellipso, Inc. v. Mann*, 460 F. Supp.2d 99, 106 (D.D.C. 2006) ("The failure to identify specific acts in reliance, which can be traced to specific misrepresentations, is fatal to any claim of fraud.").

Therefore, Plaintiff was required to plead with factual specificity how he relied and why his reliance was reasonable. *See Alicke*, 111 F.3d at 912. (dismissing Complaint because the alleged fraudulent statement could not as a matter of law mislead a reasonable customer). This Plaintiff does not do. He utterly fails to allege any facts showing how he relied.

Lack of reliance and failure to plead all elements of the who what when and where of the alleged fraud with particularity are not the only reasons why the Court should dismiss Plaintiff's Complaint. Mr. Mehta has not sufficiently pled facts showing how he was damaged by any of the Defendant's alleged wrongdoing. Claims akin to fraud or any common law or statutory claims are simply not actionable unless the Plaintiff is damaged. He fails to allege plausible damage. Therefore, his claims should be dismissed.

Plaintiff also fails to state a claim for common law civil conspiracy (Count III) since he once again alleges no facts that give rise to such a claim, instead relying on conclusory allegations "upon information and belief". Nor does he assert a claim against the alleged co-conspirator. It is axiomatic that an alleged conspiracy of one cannot be a conspiracy as a matter of law. Nor does he allege damages causally related to the alleged conspiracy. Plaintiff's

remaining state law claims fail for similar reasons.  Once again, Plaintiff merely repeats

formulaic generalized allegations devoid of actual facts.  Once again, Plaintiff fails to allege

credible damages.  Once again, Plaintiff fails to state a claim.

> **C.    This Court should dismiss or stay this action since all property owned by either party was either marital property or non marital property subject to accounting, assignment and equitable distribution under D.C. Code § 16-910**

Under D.C. Code § 16-910 (a) and (b), the Domestic Relations branch of the District of

Columbia Superior Court (where the parties' divorce action is pending) has broad authority to

determine what is and is not marital property, account for such property, assign such property

and equitably distribute such property pursuant to the court's broad authority to resolve all issues

relating to the parties' divorce.  *See,* D.C. Code § 16-910 (b)("the court shall value and distribute

all other [marital] property or debt accumulated during the marriage. . . regardless of whether

title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties,

in a manner that is equitable, just, and reasonable, after considering all relevant factors. . .").  As

such, as a matter of judicial economy, it makes little sense to litigate a small piece of the marital

property in this case while the divorce proceeding seeking to account for, assign and equitably

divide all of the marital and non-marital assets is pending in the Superior Court.

At a recent hearing in the divorce proceeding, the assigned judge, Judge Craig Iscoe,

wondered out loud whether it did not make more sense to resolve the issues in this action as part

of the divorce proceedings in that court.  He stated, "Ok, if there is a dispute over [ownership] of

a phone number, why wouldn't [the federal case] be part of this case"?  July 11, 2017 hearing

transcript at page 46, attached as Ex 1.  Later, after an exchange between counsel, Judge Iscoe

again considers the nature of this federal action and whether it should be made a part of the

overall divorce proceeding:  ". . .what I'm trying to determine [counsel for Mr. Mehta] whether

there is a reason for us to be talking about [the federal action].  Is it more akin to Lynda

Maddox.com [a disputed asset that is part of the divorce proceeding]? I don't know.  I'll have to

read the Complaint. Obviously, I'm not the one who determines it, but I'm trying to figure out

whether its allegedly a marital asset or not and it seems to be some type of factual dispute, but

that's the reason I was asking:  <u>If it's a marital asset, then it would make some sense for it to be</u>

<u>before me.</u>"  *Id.* at pages 47- 48.

Thus, even if this Court had subject matter jurisdiction and even if Plaintiff stated a

claim, it would make beneficial use of judicial resources to either dismiss this action so that it

could be brought as part of the divorce proceeding, or stay this action until final distribution of

all marital assets can be performed in the divorce proceeding pursuant to D.C. Code § 16-910.

Piecemeal litigation of various issues related to the ultimate distribution of all marital and non-

marital assets in this action and the divorce proceeding does not serve the interests of judicial

economy.

Dated: 7/27/2017                                   Respectfully submitted,

                                                   /s/ John J. Beins
                                                   John J. Beins, Esq. – VSB No. 35345
                                                   jbeins@beinsgoldberg.com
                                                   Beins Goldberg LLP
                                                   2 Wisconsin Circle, Suite 700
                                                   Chevy Chase, MD  20815
                                                   (240) 235-5040

                                                   *Attorney for Defendant Lynda Maddox*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was furnished by operation

of the Court's Electronic Case Filing System on counsel of record on this 27th day of July 2017.


/s/ John J. Beins
John J. Beins, Esq.