UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |   |
|---|---|---|
| DARSHAN MEHTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1090 (RMC) |
| | ) | |
| LYNDA MADDOX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

Plaintiff Darshan Mehta sues his estranged wife Lynda Maddox under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* (2012), and various common law torts. Mr. Mehta alleges that Ms. Maddox unlawfully accessed numerous electronic accounts and altered information. Ms. Maddox moves to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim, or in the alternative, for the case to be stayed pending the resolution of divorce proceedings currently pending in the District of Columbia Superior Court. The motion to dismiss will be denied as moot and the motion to stay will be granted.

I.  BACKGROUND

Mr. Mehta and Ms. Maddox began a romantic relationship in approximately 1988 and at some point in the last 29 years were married. Compl. [Dkt. 3] ¶¶ 8-10. On or around October 9, 2016, Mr. Mehta and Ms. Maddox separated and, as no hope for reconciliation exists, the parties have begun divorce proceedings. *Id.* ¶¶ 11-12; Opp'n to Mot. to Dismiss or Stay (Opp'n) [Dkt. 7] at 1; *see also Maddox v. Mehta*, Case No. 2017 DRB 648 (D.C. Super. Ct.). Concurrently with the divorce proceedings, Mr. Mehta brings this lawsuit against Ms. Maddox

1

alleging that she (1) gained unauthorized access to his (a) AT&T wireless account, (b) George Washington University email account, (c) iCloud account, (d) American Express account, (e) Vonage account, (f) United Airlines account, (g) Starwood account, and (h) other unspecified accounts; (2) altered passwords and contact information associated with some of the accounts; and (3) obtained private information, such as call and text message logs, as a result of the unauthorized access.

Beginning on or around October 12, 2016, Mr. Mehta began to receive security alerts from a number of his online accounts. Compl. ¶ 14. Mr. Mehta's AT&T account, of which he is the sole owner and person with authorized access, was accessed by an unauthorized individual on October 12, 2016. *Id*. ¶ 20. He alleges that the account was accessed by Ms. Maddox and her brother Donald Maddox from Mr. Maddox's home in Gleneden Beach, Oregon. *Id*. ¶ 24. The Office of the Sheriff in Newport, Oregon confirmed that Mr. and Ms. Maddox were both present in Mr. Maddox's home on October 12, 2016 after Mr. Mehta called the Sheriff's station and requested that an officer be dispatched to the home. *Id*. ¶¶ 25-27. AT&T notified Mr. Mehta that the password and security questions for his account were altered. *Id*. ¶¶ 21, 29. Mr. Mehta also alleges that Ms. Maddox accessed call logs for the AT&T account. *Id*. ¶ 32.

From October 10, 2016 to October 15, 2016, Mr. Mehta was unable to access his George Washington University email account. *Id*. ¶ 39. He later learned that the password associated with that email account had been changed without his knowledge. *Id*. ¶ 42. Mr. Mehta states, "[u]pon information and belief," that Ms. Maddox was responsible for changing his email password. *Id*. ¶ 43. During the same period, Mr. Mehta alleges "[u]pon information and belief" that Ms. Maddox accessed his iCloud account and gained access to "text messages sent to

2

and from [Mr. Mehta]'s mobile telephone." *Id*. ¶¶ 46-48. On October 12, 2016, Mr. Mehta was notified by American Express that the email address associated with his account had been changed to d******x@gmail.com. *Id*. ¶¶ 57-59. The email address is believed to be associated with Donald Maddox. *Id*. ¶ 61. "Upon information and belief [Ms. Maddox], with the assistance of Donald, her co-conspirator, was responsible for the email change in [Mr. Mehta]'s American Express account." *Id*. ¶ 62. Mr. Mehta also experienced unauthorized access to his United Airlines and Starwood accounts during this time. *Id*. ¶¶ 65-68.

On November 26, 2016, Mr. Mehta again received notification from AT&T that his account passcode had been changed. *Id*. ¶¶ 69-70. "Upon information and belief, [Ms. Maddox] was responsible for the November passcode change" and "unlawfully accessed [Mr. Mehta]'s AT&T account." *Id*. ¶¶ 72-73. Mr. Mehta alleges that in order to change the passcode to the AT&T account Ms. Maddox would have needed to impersonate him with AT&T and provide them with his personal information, such as the last four digits of his Social Security number. *Id*. ¶¶ 74-75. As a result of the unauthorized access in November, one of the telephone numbers associated with Mr. Mehta's AT&T account was transferred to a T-Mobile account and then to a separate AT&T account in Mr. Maddox's name. *Id*. ¶¶ 77, 80, 82, 89.

Also on November 26, 2016, Vonage notified Mr. Mehta of an attempted password change to his account. *Id*. ¶¶ 95-96. "Upon information and belief, [Ms. Maddox] was responsible for initiating a password change request to [Mr. Mehta]'s Vonage account." *Id*. ¶ 98.

On July 27, 2017, Ms. Maddox moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim, or in the alternative to stay proceedings pending the final resolution of divorce proceedings in the District of Columbia Superior Court. *See* Mot. to Dismiss or Stay (Mot.) [Dkt. 6]; *see also* Mem. in Supp. of Mot. to Dismiss or Stay (Mem.) [Dkt.

6-1]. Mr. Mehta filed a timely response, *see* Opp'n, and Ms. Maddox did not reply. The motion is ripe for review.

## II. LEGAL STANDARD

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the Court need not accept factual inferences drawn by plaintiff[] if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff['s] legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

### B. The Doctrine of Abstention

Under the doctrine of abstention, "a District Court may decline to exercise or postpone the exercise of its jurisdiction" when a related case is pending in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). The Supreme Court has developed several abstention doctrines,[1] most of which are based on the principle of "comity" which includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a

---

[1] *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1124-25 (D.C. Cir. 2004), for a discussion of the various abstention doctrines.

continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). In *Colorado River*, the Supreme Court found that "there are principles unrelated to . . . regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions," such as "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Thus, the *Colorado River* doctrine "permits discretionary abstention in light of parallel proceedings in another court" and applies to parallel proceedings between this court and the D.C. Superior Court. *JMM Corp.*, 378 F.3d at 1125. Factors to consider in deciding whether to apply *Colorado River* are: "the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls and whether the state forum will adequately protect the interests of the parties." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352 (D.C. Cir. 2003).

### III.  ANALYSIS

#### A.  Motion to Dismiss – Rule 12(b)(1)

Ms. Maddox first moves to dismiss arguing that the Court lacks subject-matter jurisdiction over the case because the complaint "fails both the 'substantiality' test and the 'centrality' test" of 28 U.S.C. § 1331. Mem. at 6. She contends that the federal claims have no legitimate basis, but were merely brought to ensure the Court took supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims. *See id.* Mr. Mehta responds that this Court has subject matter jurisdiction over the Computer Fraud and Abuse Act (CFAA) and Stored Communications Act (SCA) claims pursuant to 28 U.S.C. § 1331, "which bestows federal

courts with jurisdiction over civil claims brought under the laws of the United States," Opp'n at 4, and supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367. Compl. ¶ 4.

A case arises under federal law within the meaning of 28 U.S.C. § 1331 "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)).

The Court finds that subject-matter jurisdiction is proper in this case because the Complaint raises claims that arise under federal law and related state law claims. Therefore, the Court has jurisdiction over the two federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over remaining claims under 28 U.S.C. § 1367. The substantiality and centrality tests raised by Ms. Maddox are evaluated only in cases arising only under state law, but which "necessarily raise a stated federal issue." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Court also rejects Ms. Maddox's argument that subject-matter jurisdiction is lacking because Mr. Mehta's theory is "'so feeble, so transparent an attempt to move a state-law dispute to federal court, that it d[oes] not arise under federal law at all.'" Mem. at 6 (quoting *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000)).

**B. Abstention**

Ms. Maddox also argues that the Court should not exercise its discretion to follow the doctrine of abstention and decline jurisdiction in the case or stay the case pending the resolution of the divorce proceeding. *See* Mem. at 10-11. Mr. Mehta opposes a stay and maintains that the "domestic relations exception" to jurisdiction is inapplicable here because the

6

D.C. Circuit has held that "divorcing spouses may maintain tort or statutory federal lawsuits for monetary damages against one another" while the divorce is pending. Opp'n at 6.

"Under the *Younger* [*v. Harris*, 401 U.S. 37 (1971)] . . . doctrine of abstention, or equitable restraint, a federal court may dismiss [or stay] an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Ref. & Mktg. Co.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (referencing *Younger*, 401 U.S. at 43-45). However, the Supreme Court has made clear that the *Younger* doctrine must be applied in accordance with "the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). To apply *Younger*,

> a rigid three-prong test must be satisfied: first, a federal court may dismiss a federal claim only when there are ongoing state proceedings that are judicial in nature; second, the state proceedings must implicate important state interests; third, the proceedings must afford an adequate opportunity in which to raise the federal claims.

*Hoai*, 866 F.2d at 1518.

Considering the *Younger* factors the Court determines that it is not appropriate to dismiss the federal action, but comity and judicial economy counsel a stay of this action pending the resolution of the divorce proceedings in Superior Court. First, the divorce proceedings are judicial in nature. Second, the District of Columbia has a significant interest in divorce proceedings taking place in the District and the division of marital assets. Finally, the divorce proceedings provide an adequate opportunity for the parties to present the factual determinations common to this case.[2]

---

[2] The Court also finds that *Colorado River* discretionary abstention applies because the *Handy* factors are met: the federal court is an inconvenient forum to resolve marital disputes; the

While the Court is not here asked to "grant a divorce, determine alimony or support obligations, or resolve parental conflicts over the custody of their children," it is required to make a determination about the ownership of particular accounts and whether the alleged access was authorized or unauthorized. *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982). The pending divorce proceeding will resolve property questions about joint or personal property and determine who was and/or is able to access particular accounts. The D.C. Superior Court Judge handling the divorce proceeding is much better suited and positioned to make any ownership or access determinations that are relevant here and this Court will not insert itself into that pending case. Therefore, the Court finds it is in the interest of comity and judicial economy to stay this case pending resolution of these issue in Superior Court.

### IV. CONCLUSION

For the foregoing reasons the Court will grant Ms. Maddox's motion to stay and, in light of the stay, deny Ms. Maddox's motion to dismiss without prejudice as moot. A memorializing Order accompanies this Memorandum Opinion.

Date: November 3, 2017    /s/
ROSEMARY M. COLLYER
United States District Judge

---

divorce proceeding in Superior Court predates this action; and state law controls the issue of what are marital assets. *See Colorado River*, 424 U.S. at 817; *Handy*, 325 F.3d at 352.